1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JAMES CARL KELLY,                          Case No. 22-cv-02647-JST

              Plaintiff,
8
                                                **ORDER TO SHOW CAUSE**
9         v.

10   WARDEN OF SALINAS VALLEY STATE
     PRISON, et al.,
11
              Defendants.
12

13          Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action

14   pursuant to 42 U.S.C. § 1983.  He has requested leave to proceed *in forma pauperis*.  ECF No. 2.

15   For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave

16   to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth

17   in 28 U.S.C. § 1915(g).

18                                        **DISCUSSION**

19          Plaintiff is a frequent litigant.  Plaintiff has filed at least ten civil rights cases in this

20   district, *see, e.g.*, *Kelly v. Quintero et al.*, C No. 21-cv-5127 JST; *Kelly v. Salinas Valley State

21   Prison, et al.*, C No. 21-cv-04498; *Kelly v. Paredes et al*, C No. 20-cv-08987 SI; *Kelly v. Sullivan,

22   et al.*, C No. 19-cv-3138 SI; *Kelly v. Wood, et al.*, C No. 19-cv-3086 SI; *Kelly v. Sullivan, et al.*, C

23   No. 19-cv-3084 SI; *Kelly v. Sullivan, et al.*, C No. 19-cv-0125 SI; *Kelly v. Warden, et al.*, C No.

24   19-cv-0046; *Kelly v. Sullivan, et al.*, C No. 19-cv-0045; *Kelly v. Sullivan, et al.*, C No. 18-cv-

25   6386; and *Kelly v. Sullivan*, C No. 18-cv-6351 EMC.  He has also filed a number of cases in the

26   Eastern District of California.  In C Nos. 20-cv-08987, 19-cv-3138 SI, 19-cv-3084 SI, 19-cv-0125

27   SI, 19-cv-0046 SI, 19-cv-0045 SI, Plaintiff was denied leave to proceed *in forma pauperis*

28   pursuant to 28 U.S.C. § 1915(g).

United States District Court
Northern District of California

**A.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.  The mere fact that Plaintiff has filed many cases in the federal courts does not warrant dismissal under Section 1915(g).  *See id.*  Rather, dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Id.* at 1120.  *Andrews* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.*  A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g).  However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

United States District Court
Northern District of California

**B.      Complaint**

Plaintiff commenced this action by mailing the complaint to the Court on or about April 18, 2022.  ECF No. 1 at 3.  He has named as defendants the SVSP Warden, SVSP doctor Lara Denils D1-Facility Clinic Doctor, nurses working under Dr. Denils since April 3, 2022, and the new doctor Yeh.  ECF No. 1 at 1-2.  In the complaint, Plaintiff alleges that he is a high risk heart patient with a mechanical heart valve; he bruises easily; he has a lumbar spine injury from May 24, 1993; he was raped on May 27, 2003; he is on various blood thinners so that his heart valve will work; he suffers from chronic pain; he has degenerative disk disease; and he has seizures.  He makes the following allegations: the nurses will not allow him to see a doctor, in retaliation for his filing a grievance on another nurse, Patrick Gullins, who punched him; he has been denied a doctor ever since he was raped; he has been denied a doctor to address the bruises on his leg and head and his violent contusions; he has not been prescribed medication for his chronic pain; Dr. Denils was good but is no longer at SVSP; he has been assigned to Dr. Yeh but only met with Dr. Yeh via telehealth; and he was told he would see Dr. Yeh again but it has been twelve days.  He requests the following relief:  items needed to operate his wheelchair; to be housed close to family members; monetary compensation for degenerative disk disease and for the mental suffering that the nurses have put him through; a court order telling the new doctor that Plaintiff wants his chronic pain controlled; a court order calling his heart surgeon James Young as a witness to explain his heart disease, lumbar spine issues, and rectal bleeding to Dr. Yeh; and a court order requiring Dr. Yeh to send Plaintiff to a medical facility.  *See generally* ECF No. 1.

**C.      Analysis**

A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  The qualifying cases include: (1) *Kelly v. Sao*, E. D. Cal. No. 18-cv-484 DAD (dismissed for failure to state a claim); (2) *Kelly v. Elit*, E. D. Cal. No. 18-cv-019 DAD (dismissed for failure to state a claim); and (3) *Kelly v. Gyorky*, E. D. Cal. No. 11-cv-2142 WBS (dismissed for failure to state a claim and failure to prosecute when plaintiff did not file amended complaint curing deficiencies identified in initial complaint).

The complaint does not allege that Plaintiff is in imminent danger of serious physical injury.  Nor can the allegations be construed as plausibly alleging that Plaintiff faces imminent danger of serious physical injury.  Although Plaintiff claims that he is not receiving medical attention for his serious medical needs, the complaint itself and the attachments to the complaint contradict this claim.  Although Plaintiff claims that he has not been seen by a doctor, he acknowledges that he was seen by Dr. Denils and satisfied with the care provided by Dr. Denils, and that he was seen by Dr. Yeh.  The attachments to complaint indicate that he was seen by his primary care provider on January 11 and 28, 2021; by a doctor at Natividad Medical Hospital in July 2021; by a doctor at Mercy Hospital on August 1, 2021; by a neurologist on October 26, 2021, and by his primary care provider on November 9, 2021.  ECF No. 1-1 at 2, 9, 16, 84.  While the record is silent as to Plaintiff's medical treatment at the time he filed his complaint (April 2022), Plaintiff's complaints concern chronic conditions that date back twenty years that appear to have been regularly addressed by prison medical professionals, albeit not to his satisfaction.  Plaintiff has not alleged any specific issue, separate from having chronic conditions and separate from his overall general dissatisfaction with his medical care, that placed him at imminent risk of serious physical injury at the time that he filed this action.

In light of the dismissals of three prior actions on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because it does not appear that Plaintiff was under imminent danger of serious physical injury when he filed this action, Plaintiff is ORDERED TO SHOW CAUSE in writing within **twenty-eight days** of this order, why his *in forma pauperis* application should not be denied.  In the alternative, he may pay the full filing fee of $402.00 by the deadline.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  In the alternative, he may pay the $402.00 filing fee in full.  Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated:  June 14, 2022



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

5